FILED
CLERK
9/10/2013 4:03 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF THE EMPIRE STATE
CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR MANAGEMENT
COOPERATION, PENSION and WELFARE **SHORT ORDER**
FUNDS, 12-cv-5644 (ADS)(AKT)

                Plaintiff,

      -against-

LYNNVIEW CONSTRUCTION CORP.,

               Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Plaintiff*
111 Broadway
14th Floor - Suite 1403
New York, NY 10006
      By:    Charles R. Virginia, Esq.,
               Richard B. Epstein, Esq., Of Counsel

**NO APPEARANCE:**

Lynnview Construction Corp.

**SPATT, District Judge.**

      The Plaintiff commenced this action on or about November 16, 2012, asserting claims for damages pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. On December 26, 2012, the Clerk of the Court noted the default of the Defendant Lynnview Construction Corp. On February 14, 2013, the Plaintiff moved for a default judgment against the Defendant. On February 22, 2013, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to

1

whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On August 14, 2013, Judge Tomlinson issued a Report recommending that (1) a default judgment be entered against the Defendant; (2) the Arbitration Award of October 5, 2012 be confirmed to the extent set forth in that Report; (3) the Plaintiffs be awarded $3,750.75 in unpaid contributions, along with .75% interest, compounded monthly from the Due Date of each unpaid monthly contribution through the entry of judgment; (4) the Plaintiffs be awarded $750 in liquidated damages; (5) the Plaintiffs be awarded attorney's fees in the amount of $350.00, plus interest to accrue at the rate of 10% per annum from the date of the Arbitration Award, October 5, 2012, through the entry of judgment, pursuant to the Award; (6) the Plaintiffs be awarded $797.00 in attorney's fees for the instant litigation; (7) the Plaintiffs be awarded costs in the amount of (i) $350 for the arbitrator's fee pursuant to the Award; and (ii) $350 for the filing of this action; and (8) the Defendant and its officers be directed to make available to the Plaintiffs or Plaintiffs' authorized representatives, within 30 days of the date of this order, any and all books and records the Plaintiffs deem necessary to conduct an audit for the period of June 2011 through October 2011. To date, no objection has been filed to Judge Tominlson's Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court

2

has reviewed Judge Tomlinson's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Tominlson's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Tomlinson's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Clerk of the Court enter a default judgment against the Defendant as follows: (1) the Arbitration Award of October 5, 2012 be confirmed to the extent set forth in Judge Tomlinson's Report; (2) the Plaintiffs be awarded $3,750.75 in unpaid contributions, along with .75% interest, compounded monthly from the Due Date of each unpaid monthly contribution through the entry of judgment; (3) the Plaintiffs be awarded $750 in liquidated damages; (4) the Plaintiffs be awarded attorney's fees in the amount of $350.00, plus interest to accrue at the rate of 10% per annum from the date of the Arbitration Award, October 5, 2012, through the entry of judgment, pursuant to the Award; (5) the Plaintiffs be awarded $797.00 in attorney's fees for the instant litigation; (6) the Plaintiffs be awarded costs in the amount of (i) $350 for the arbitrator's fee pursuant to the Award; and (ii) $350 for the filing of this action; and (7) the Defendant and its officers be directed to make available to the Plaintiffs or Plaintiffs' authorized representatives, within 30 days of the date of this order, any and all books and records the Plaintiffs deem necessary to conduct an audit for the period of June 2011 through October 2011; and it is further

**ORDERED** that the Clerk of the Court is directed to close the case.

**SO ORDERED.**
Dated: Central Islip, New York
September 10, 2013

_____*Arthur D. Spatt*_____
ARTHUR D. SPATT
United States District Judge